LAW OFFICES

# DEICHES & FERSCHMANN
A Professional Corporation

525 ROUTE 73 N, STE 104
MARLTON, NEW JERSEY 08053
856-428-9696

IRA R. DEICHES                                                                                              ideiches@deicheslaw.com

December 17, 2025

The Honorable Jerrold N. Poslusny, Jr.
Judge, United States Bankruptcy Court
**VIA ECF**

                Rose Ann Tambuurri
              chapter 11 case 25-21049-JNP

Dear Judge Poslusny:

    As counsel for the Debtor and Debtor-in-Possession in the referenced case, with the consent of the US Trustee's Office, I respectfully submit this written status report in lieu of an appearance on December 18, 2025, as previously scheduled.

    Debtor is a 64 year old divorced woman, living with her adult son in her single family home in Mt. Laurel, NJ. Debtor's case was commenced on October 17, 2025 closely following the dismissal of her prior case pending under chapter 13 on September 18, 2025. That case was dismissed for Debtor's being ineligible for chapter 13 relief because her debts exceeded the limit set in section 109 of the Bankruptcy Code.

    Debtor is self-employed as a freelance court reporter/stenographer. Her earnings fluctuate with the nature and term of her current engagements. For example, in some months in which Debtor is engaged to provide her services during a trial, the litigants' requests for daily transcripts will boost Debtor's income to levels exceeding those generated by Debtor's engagement for depositions and other proceedings.

    With only two months of the case as a backdrop, we may not yet be able to forecast Debtor's revenue with precision, but can note that Debtor was able to pay $6,600 per month under her chapter 13 Plan for the months during which her chapter 13 case was pending.

    Ms. Tamburri does not predict that she will need to liquidate assets or seek outside financing to support her chapter 11 Plan of Reorganization that will provide payment in full of all claims entitled to priority as required, the maintenance of current payments to secured and lease creditors while proposing to pay a *pro rata* distribution on account of unsecured claims at a level that has not yet been determined.

    Debtor has completed her initial debtor interview conducted by the US Trustee's Office and participated in her section 341 meeting.

The Honorable Jerrold N. Poslusny, Jr.
December 16, 2025

-page 2-

    Debtor has provided the US Trustee with documents reflecting Debtor's insurance coverages and has committed to keeping her policies in place.

    Debtor has filed her Monthly Operating Reports for October and November, 2025, and understands her obligations to timely file Monthly Operating Reports during the case and to remit when due the statutory fees payable to the US Trustee.

    The bar date for the filing of proofs of claim has not yet passed.  We will continue to monitor claims as they are filed and will take steps to modify or object to filed claims as necessary.  In this case, the claims of the United States and the State of New Jersey, not yet filed, will be of special interest, since they will serve as the foundation for calculating Debtor's statutory requirements for a confirmable Plan.

    I look forward to Your Honor's fixing a new date for further status review and calendar control.

    Thank you.

                                   Respectfully yours,

                                   Ira R. Deiches
                                   For the Firm

cc: Jeffrey M. Sponder, Esq.  via email and ECF