UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in compliance with D.N.J. LBR 9004-1(b)**

**HILL WALLACK LLP**
Elizabeth K. Holdren, Esq.
21 Roszel Road
P.O. Box 5226
Princeton, NJ 08543
Phone: 609-924-0808
Email: eholdren@hillwallack.com
*Attorneys for NewRez LLC as servicer for U.S. Bank*
*National Association, as Trustee for Structured Asset*
*Securities Corporation, Mortgage Pass-Through*
*Certificates, Series 2006-BC6*

| | |
|---|---|
| In Re: | Case No.:  25-21049-JNP |
| Rose Ann Tamburri *dba* Rose Tamburri Court Reporter, | Chapter: 11 |
| Debtor. | Judge:  Jerrold N. Poslusny Jr., U.S.B.J. |

**OBJECTION OF NEWREZ LLC AS SERVICER FOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-BC6 TO THE DEBTOR'S DISCLOSURE STATEMENT**

U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-BC6  ("NewRez"), a secured creditor of the debtor, Rose Ann Tamburri dba Rose Tamburri Court Reporter ("Debtor"), through its counsel, Hill Wallack LLP, hereby files this Objection to the Debtor's Disclosure Statement filed on June 2, 2026 (Doc 60) (the "Disclosure Statement") for the following reasons:

**FACTUAL HISTORY**

1.     NewRez is a secured creditor of Rose Ann Tamburri dba Rose Tamburri Court Reporter (the "Debtor") with respect to real property commonly known as 27 W Revere Pl, Ocean City, New Jersey 08226 (the "Property").

2. As evidenced by NewRez's Proof of Claim filed on December 19, 2025, the total amount due by the Debtor to NewRez as of the Petition Date is $307,790.82. *See* Claim 15-1.

3. On June 2, 2026, the Debtor filed her Chapter 11 Plan of Reorganization and Disclosure Statement.

For the reasons set forth below, that Disclosure Statement filed on behalf of the Debtor does not meet the requirements set forth in Section 1125 of the Bankruptcy Code and NewRez objects to the Disclosure Statement in its current form.

## THE DISCLOSURE STATEMENT

4. Section 1125 of the Code provides:

a) In this section--

(1) "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information; and

(2) "investor typical of holders of claims or interests of the relevant class" means investor having--

(A) a claim or interest of the relevant class;

(B) such a relationship with the debtor as the holders of other claims or interests of such class generally have; and

(C) such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have.

(b) An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

5.      Section 1125(a)(1) of the Bankruptcy Code requires that a Disclosure Statement provide "adequate information" to claim holders to enable an informed judgment about the proposed plan.  In re Lisanti Foods, Inc., 329 B.R. 491, 507 (D.N.J. 2005).  "Adequate information" is "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtors and the condition of the debtors' books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan ...." Id. quoting Section 1125(a)(1) (further citations omitted).  "The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court.  Given this reliance, we cannot overemphasize the ... obligation to provide sufficient data to satisfy the Code standard of adequate information." See Id. quoting Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F.3d 314, 322 (3d Cir.2003).

6.      Section 1125 affords the Bankruptcy Court substantial discretion in considering the adequacy of a disclosure statement.  See Id. citing In re River Village Assoc., 181 B.R. 795, 804 (E.D.Pa.1995).  The legislative notes to § 1125 provide that "[b]oth the kind and form of information are left essentially to the judicial discretion of the court, guided by the specification ... that it be of a kind and in sufficient detail that a reasonable and typical investor can make an informed judgment about the plan.  The information required will necessarily be governed by the

circumstances of the case." <u>See</u> <u>Id.</u> quoting 11 <u>U.S.C.</u> § 1125 Notes of Committee on the Judiciary,

S.R. No. 95-989.

7.      "Disclosure is the pivotal concept in reorganization practice under the code . . . [i]ts

aim is to provide creditors with relevant information on the likelihood and amount of eventual

distributions." <u>See</u> <u>Id.</u> citing <u>Collier on Bankruptcy</u> ¶ 1125.02[1] (noting with approval one district

court's statement that "the disclosure statement must clearly and succinctly inform the average

unsecured creditor what it is going to get, when it is going to get it, and what contingencies there

are to getting its distribution.").

<u>**THE DISCLOSURE STATEMENT DOES NOT PROVIDE ADEQUATE
INFORMATION TO CREDITORS WITH RESPECT TO THE TREATMENT OF THE
CLAIM OF NEWREZ**</u>

In Section III.C.3. of the Disclosure Statement, the claim of NewRez is listed as a general

unsecured claim. The Disclosure Statement states, "[t]hrough her divorce, Debtor has no title

interest in that home" referring to the subject Property. However, there is no indication in the

Disclosure Statement whether there is a deed which transfers title to the property out of the

Debtor's name.

As a result, the Disclosure Statement does not provide adequate information with respect

to the treatment of the claim of NewRez as it fails to provide information regarding whether title

to the Property has been legally transferred.

Based upon the above, the Debtor's Disclosure Statement should not be approved in its

present form.

HILL WALLACK LLP
*Attorneys for NewRez LLC as
servicer for U.S. Bank National
Association, as Trustee for Structured*

*Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2006-BC6*

By: */s/ Elizabeth K. Holdren*
        Elizabeth K. Holdren

Dated:   June 18, 2026

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>**HILL WALLACK LLP**<br>Elizabeth K. Holdren, Esq.<br>21 Roszel Road<br>P.O. Box 5226<br>Princeton, NJ 08543<br>Phone: 609-924-0808<br>Email: eholdren@hillwallack.com<br>*Attorneys for NewRez LLC as servicer for U.S. Bank*<br>*National Association, as Trustee for Structured Asset*<br>*Securities Corporation, Mortgage Pass-Through*<br>*Certificates, Series 2006-BC6* | |
| In Re:<br><br>Rose Ann Tamburri *dba* Rose Tamburri Court Reporter,<br><br>              Debtor. | Case No.:  25-21049-JNP<br><br>Chapter: 11<br><br>Judge:  Jerrold N. Poslusny Jr., U.S.B.J. |

## CERTIFICATION OF SERVICE

1.  I, Tolga Beyaz:

    ☑ am the secretary/paralegal for Hill Wallack LLP, who represents the Creditor in the above captioned matter.

2.  On June 18, 2026, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below: ***Objection to Confirmation of Plan***


    I hereby certify under penalty of perjury that the above documents were sent using the

    mode of service indicated.

                                             */s/  Tolga Beyaz*

6

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Rose Ann Tamburri<br>47 Michaelson Drive<br>Mount Laurel, NJ 08054 | Debtor | ☐ Hand-delivered<br>☑ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
| Ira Deiches<br>Deiches & Ferschmann<br>525 Route 73 N<br>Suite 104<br>Marlton, NJ 08053 | Debtor's Attorney | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
| Deiches & Ferschmann<br>525 Route 73 N.<br>Ste 104<br>Marlton, NJ 08053 | Debtor's Attorney | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
| U.S. Trustee<br>US Dept of Justice<br>Office of the US Trustee<br>One Newark Center Ste 2100<br>Newark, NJ 07102 | U.S. Trustee | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |
| Jeffrey M. Sponder<br>Office of U.S. Trustee<br>One Newark Center<br>Newark, NJ 07102 | U.S. Trustee Representative | ☐ Hand-delivered<br>☐ Regular mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☑ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>   (as authorized by the court *) |

*May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.