**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Ira R. Deiches, Esquire**
**DEICHES & FERSCHMANN**
**A Professional Corporation**
**525 Route 73 N, Ste 104**
**Marlton, NJ 08053**
**(856)428-9696**
**Attorneys for Debtor and Debtor-in-Possession**

In Re:

ROSE ANN TAMBURRI,

Debtor and Debtor-in-Possession.

.

Case No. 25-21049

Judge: Hon. Jerrold N. Poslusny, Jr.

Chapter 11

# FIRST MODIFIED PLAN OF REORGANIZATION

Debtor/Plan Proponent respectfully submits her First Modified Plan of Reorganization pursuant to Chapter 11, Title 11 of the United States Code, in the form annexed hereto and made a part hereof.

Dated: September 5, 2026

*S/ Rose A. Tamburri*
______________________________
ROSE A. TAMBURRI

# TABLE OF CONTENTS


| | | | | Page |
|---|---|---|---|---|
| I. | INTRODUCTION | | | 2 |
| II. | CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS | | | 2 |
| | A. | General Overview | | 2 |
| | B. | Definitions | | 2 |
| | C. | Unclassified Claims | | 6 |
| | | 1. | Administrative Expenses and Fees | 6 |
| | | 2. | Priority Tax Claims | 7 |
| | D. | Classified Claims and Interests | | 7 |
| | | 1. | Classes of Secured Claims | 7 |
| | | 2. | Priority Non-Tax Claims | 9 |
| | | 3. | Class of General Unsecured Claims | 9 |
| | | 4. | Class(es) of Equity Interest Holders | 12 |
| | E. | Acceptance or Rejection of Plan | | 12 |
| | F. | Means of Effectuating the Plan | | 12 |
| | | 1. | Funding for the Plan | 12 |
| | | 2. | Post-Confirmation Management | 12 |
| | | 3. | Disbursing Agent | 12 |
| III. | TREATMENT OF MISCELLANEOUS ITEMS | | | 13 |
| | A. | Executory Contracts and Unexpired Leases | | 13 |
| | B. | Changes in Rates Subject to Regulatory Commission Approval | | 13 |
| | C. | Retention of Jurisdiction | | 13 |
| | D. | Procedures for Resolving Contested Claims | | 13 |
| | E. | Notices under the Plan | | 13 |
| IV. | EFFECT OF CONFIRMATION OF PLAN | | | 13 |
| | A. | Discharge | | 14 |
| | B. | Revesting of Property in the Debtor | | 14 |
| | C. | Modification of Plan | | 14 |
| | D. | Post-Confirmation Conversion/Dismissal. | | 14 |
| | E. | Post-Confirmation Quarterly Fees | | 15 |

## I. INTRODUCTION

On October 17, 2025, (the "Petition Date"), Rose Tamburri ("Rose" or "Debtor") commenced this bankruptcy case by filing her Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code (the "Code"), 11 U.S.C. §101, et seq.

This document is the First Modified Chapter 11 Plan (the "Plan") proposed by Debtor as Proponent ("Proponent"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the United States Bankruptcy Court for the District of New Jersey (the "Court"), and which is provided to help you understand the Plan. *On June 2, 2026, Debtor filed her original Plan and Disclosure Statement. On June 23, 2026, Debtor filed a Supplement to her Disclosure Statement to support her contention that the Plan is feasible. Two creditors filed objections to the Disclosure Statement. Following negotiations, Debtor entered into Stipulations with both NewRez LLC as servicer for U.S. Bank, National Association and Fulton Bank, NA resolving those creditors' objections. Those stipulations were attached to the Second Supplement to Debtor's Disclosure Statement filed August 21, 2026. The material terms of those Stipulations are incorporated into the terms of this Plan.*

This is a reorganizing plan. In other words, the Proponent seeks to accomplish payments under the Plan through projected cash flows and cash on hand. The Effective Date of the proposed Plan is the date that is thirty (30) days after the entry of the Order confirming the Plan.

## II. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

### A. General Overview

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

### B. Definitions

**Scope of Definitions.** For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this section of the Plan. In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

1. **Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expenses of operating the business of the Debtor, any indebtedness or obligation incurred or assumed by the Debtor in connection with the conduct of her affairs or for the acquisition or lease of property or the rendition of services to the Debtor, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of any Debtor under Chapter 123, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponents in connection with the proposal and confirmation of this Plan.

2. **Allowed** when used as an adjective preceding the words "Claims" or "Equity Interest," shall mean any Claim against or Equity Interest of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Equity Interest against such Debtor, or, if no proof of claim or Equity Interest is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed within the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order. Unless otherwise specified in the Plan, "Allowed Claim" and "Allowed Equity Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Equity Interest from and after the Petition Date.

3. **Allowed Administrative Expense** shall mean any Administrative Expense allowed under Section 507 (a)(1) of the Bankruptcy Code.

4. **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

5. **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code.

6. **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of New Jersey having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. §158, the unit of such District Court constituted pursuant to 28 U.S.C. §151.

7. **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 275 and also referred to as the Federal Rules of Bankruptcy Procedure.

8. **Business Day** means and refers to any day except Saturday, Sunday, and any other day on which commercial banks in New Jersey are authorized by law to close.

9. **Chapter 11 Case** shall mean a case under Chapter 11 of the Bankruptcy Code in which Rose is the Debtor.

10. **Claim** shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; and all claims as such term is defined in section 101(5) of the Bankruptcy Code.

11. **Class** shall mean a grouping of substantially similar Claims or Equity Interests for common treatment thereof pursuant to the terms of this Plan.

12. **Code** shall mean Title 11 of the United States Code, otherwise known as the Bankruptcy Code.

13. **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

14. **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

15. **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

16. **Creditor** shall mean any person who has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's estate of any kind specified in Sections 502(g), 502(h), and/or 502(i) of the Bankruptcy Code. This includes all persons, corporations, partnerships, or business entities holding claims against the Debtor.

17. **Debt** means, refers to and shall have the same meaning ascribed to it in Section 101(12) of the Code.

18. **Debtor** shall mean Rose A. Tamburri.

19. **Disbursing Agent** shall mean Rose, or any party appointed by and subject to Court approval, who shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims and Allowed Equity Interests pursuant to the provisions of the Plan and Confirmation Order.

20. **Disclosure Statement** means and refers to the Disclosure Statement field by the Debtor as required pursuant to Section 1125 of the Bankruptcy Code.

21. **Effective Date** shall mean the date that is thirty (30) days after the entry of the Order confirming the Plan.

22. **Equity Interest Holder**, if applicable, shall mean the holder of an equity interest in the Debtor.

23. **Equity Interest,** if applicable, shall mean any interest in the Debtor represented by stock, warrants, options, or other rights to purchase any shares of stock in the Debtor.

24. **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect..

25. **Impaired** when used as an adjective preceding the words "Class of Claims" or "Class of Equity Interest", shall mean that the Plan alters the legal, equitable, or contractual rights of the member of that class.

26. **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

27. **Petition Date** shall mean the date on which the Debtor filed her Petition for Relief commencing this Case.

28. **Plan** shall mean the Plan of Reorganization filed in the Chapter 11 Case, together with any additional modifications and amendments.

29. **Priority Non-Tax Claim** shall mean a Claim entitled to priority under sections 507(a)(2), (3), (4), (5), (6), or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

30. **Priority Tax Creditor** shall mean a Creditor holding a priority tax claim.

31. **Priority Tax Claim** shall mean any Claim entitled to priority in payment under section

507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

32. **Proceedings** shall mean the Chapter 11 Case of the Debtor.

33. **Professional Persons** means and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under Sections 327, 328, 330, or 503(b) of the Bankruptcy Code.

34. **Professional Claim** means and refers to a claim by any and all professionals as provided for in Sections 327, 328, 330, or 503(b) of the Bankruptcy Code.

35. **Proponent** means Debtor.

36. **Reorganized Debtor** means the Debtor after confirmation of the Plan.

37. **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor has an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with Section 506(a) of the Bankruptcy Code.

38. **Unsecured Claim** shall mean any Claim against the Debtor which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtor, and which is not (i) a secured claim pursuant to Section 506 of the Bankruptcy Code, as modified by Section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under sections 503 or 507 of the Bankruptcy Code. "Unsecured Claim" shall include all Claims against the Debtor that are not expressly otherwise dealt with in the Plan.

39. **Other Definitions**, a term used and not defined herein but that is defined in the Bankruptcy Code shall have the meaning set forth therein. The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan; moreover, some terms defined herein are defined in the section in which they are used.

## C. Unclassified Claims

Certain types of claims are not placed into voting classes; instead, they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponent has not placed the following claims in a class. The treatment of these claims is provided below.

1. **Administrative Expenses and Fees**

Administrative Expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Code Section 503(b), and fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee incurred during the Chapter 11 case. The Code requires that all Administrative Expenses be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

**Court Approval of Professional Compensation and Expenses Required**

The Court must approve all professional compensation and expenses. Each professional person requesting compensation in the case pursuant to Sections 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code shall file an application for allowance of final compensation and reimbursement of expenses not later than ninety (90) days after the Confirmation Date. Nothing herein shall prohibit each professional person from requesting interim compensation during the course of this case pending Confirmation of this Plan. No motion or application is required to fix fees payable to the Clerk's Office or the Office of the United States Trustee, as those fees are determined by statute.

2. **Priority Tax Claims**

Priority Tax Claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires, and thus this Plan provides, that each holder of such a 507(a)(8) Priority Tax Claim receives the present value of such claim in deferred cash payments, over a period not exceeding five years from the Petition Date. The Plan provides that the priority tax claim held by the State of New Jersey, Division of Taxation (the "Division") in the sum of $7,581.69 shall be paid in full in quarterly installments of $483.27 beginning with the quarter following the Effective Date with interest at the prevailing rate, with any balance owed to be fully paid on or before the 5th anniversary of the Petition Date. The Plan also provides that the priority tax claim held by the United States, Internal Revenue Service ("IRS") in the sum of $250,356.41 shall be paid in full in quarterly installments of $14,520.27 beginning with the quarter following the Effective Date with interest at the prevailing rate, with any balance owed to be fully paid on or before the 5th anniversary of the Petition Date

**D. Classified Claims and Interests**

1. **Classes of Secured Claims**

Secured Claims are claims secured by liens on property of the estate. The following represents all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 1 | Wells Fargo Bank, N.A.("Wells Fargo") | No | Wells Fargo shall retain its lien on Debtor's Residence. Payments of $600.66 monthly shall be paid against Wells Fargo's claim in accordance with the terms and conditions of the loan documents evidencing that claim from funds received by Debtor in the ordinary course. |
| 2 | PNC Bank, National Association ("PNC") | No | PNC shall retain its lien on Debtor's Residence. Payments of $760.00_monthly shall be paid against PNC's claim in accordance with the terms and conditions of the loan documents evidencing that claim from funds received by Debtor in the ordinary course. |
| 3 | IRS | Yes | The secured claim of IRS in the sum of $94,206 shall be paid in quarterly installments of $3,135.00 beginning with the quarter following the Effective Date with interest at the prevailing rate, with any balance owed to be fully paid on or before the 10th anniversary of the Petition Date.. |
| 4 | the Division | Yes | The secured claim of the Division in the sum of $27,096 shall be paid in quarterly installments of $1,074.24 begining with the quarter following the Effective Date with interest at the prevailing rate, with any balance owed to be fully paid on or before the 10th anniversary of the Petition Date. |

| | | | |
|---|---|---|---|
| 5 | Fulton Bank, NA | Yes | Fulton Bank, NA filed its claim as a secured claim in the sum of $25,056.30**,** contending that the bank holds a lien on Debtor's assets as a result of the levy of execution to enforce a judgment obtained by the bank in the Superior Court of New Jersey against Rose. As a result of negotiations between Rose and the bank, a Stipulation was reached bifurcating the bank's claim into a secured claim of $12,000 secured by Rose's personal property and an unsecured claim in the sum of $13,056.30**.** The secured claim shall be paid in full without interest in installments as will be supported by Debtor's income with any balance owed to be fully paid on or before the 10th anniversary of the Petition Date. |

2. Priority Non-Tax Claims

Certain Priority Non-Tax Claims that are referred to in Code Sections 507(a)(3), (4), (5), (6), and (7) are entitled to priority treatment. Debtor does not recognize any such claims and thus no treatment of such claims is provided herein.

**3. Classes of General Unsecured Claims**

General Unsecured Claims are Unsecured Claims not entitled to priority under Code Section 507(a). The following chart identifies this Plan's treatment of the classes containing all of Debtor's general unsecured claims:

**This space is intentionally left blank.**

| CLASS | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 6 | This Class contains all of Debtor's general unsecured claims, including the unpaid balance of the claim of U.S. Bank National Association ("US Bank") the current holder of a mortgage encumbering property at 27 W. Revere Place, Ocean City, NJ formerly owned by Debtor and Michael Tamburri. Through her divorce, Debtor has no title interest in that home. US Bank shall retain its lien on that home and, as provided in the Stipulation between Rose and NewRez LLC, servicer for US Bank, Michael Tamburri shall continue to make the paynents due on the debt owed to US Bank, when due. Rose recognizes her continuing liability for the debt owed to US Bank, notwithstanding the transfer of Rose' interest in the Ocean City property. That liability is deemed an unsecured debt of Debtor in this Plan and shall survive confirmation of this Plan subject to being discharged upon the entry of a Discharge Order obtained by Debtor upon completion of Debtor's obligations under this Plan. | Yes<br>Claims in this class are entitled to vote on the Plan. | Each holder of an allowed unsecured claim shall receive a pro rata distribution of two (2%) percent of his/her/its claim(s) from funds generated through Debtor's ordinary operating revenues. Payments on account of allowed Class 6 unsecured claims shall be made in a single installment on the date that is the last day of the quarter in which the priority claims of the IRS and the Division are fully paid, in full satisfaction of such claims |

| Class 6<br>*continued* | Description | IMPAIRED<br>(Y/N) | Treatment |
|---|---|---|---|
| | This class also includes the allowed unsecured portion of the claim of Fulton Bank, NA in the sum of $13,056.30 as provided in the Stipulation between Rose and Fulton Bank, NA. As a result, the unsecured claims that constitute Class 6 under the Plan,whether scheduled by Debtor or filed by creditors, total $698,940.13 | Yes<br>Claims in this class are entitled to vote on the Plan. | Each holder of an allowed unsecured claim shall receive a pro rata distribution of two (2%) percent of his/her/its claim(s) from funds generated through Debtor’s ordinary operating revenues. Payments on account of allowed Class 6 unsecured claims shall be made in a single installment on the date that is thelast day of the quarter in which the priority claims of the IRS and the Division are fully paid, in full satisfaction of such claims |

**4. Class(es) of Equity Interest Holders**

The member of this class will be treated as follows:

| CLASS | **DESCRIPTION** | **IMPAIRED (Y/N)** | **TREATMENT** |
|---|---|---|---|
| 7 | Rose Tamburri. | No<br>Claims in this class are not entitled to vote on the Plan, but are deemed to have accepted the Plan. | Rose, as the member of this Class, shall retain her interest in her assets but shall be paid nothing on account of such interests. |

**E. Acceptance or Rejection of Plan**

Each impaired class of Creditors with claims against the Debtor' estate shall be entitled to vote separately to accept or reject the Plan. A class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the Allowed Claims of such class that have accepted or rejected the Plan. In the event that any impaired class of Creditors or Interest Holders shall fail to accept the Plan in accordance with Section 1129(a) of the Bankruptcy Code, the Proponents reserve the right to request that the Bankruptcy Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

**F. Means of Effectuating the Plan**

**1. Funding the Plan**

The cash distributions under the Plan will be funded by cash flow generated from Rose's earnings as a free-lance court reporter.

**2. Post-Confirmation Management**

Rose shall continue to manage her assets and affairs.

**3. Disbursing Agent**

Rose shall act as the disbursing agent ("Disbursing Agent") for the purpose of making all distributions provided for under the Plan, without compensation.

## III. TREATMENT OF MISCELLANEOUS ITEMS

### A. Executory Contracts and Unexpired Leases

Debtor will assume her auto lease with Mercedes-Benz Vehicle Trust and make payments when due thereunder in the ordinary course.

### B. Changes in Rates Subject to Regulatory Commission Approval

Debtor is not subject to governmental regulatory commission approval of any rates.

### C. Retention of Jurisdiction

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, and to make such Orders as are necessary or appropriate to carry out the provisions of this Plan.

In addition, the Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code. If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this section, or if the Debtor or the Reorganized Debtor elect to bring an action or proceeding in any other forum, then this section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other Court, public authority or commission having competent jurisdiction over such matters.

### D. Procedures for Resolving Contested Claims.

Objections to Claims and interests, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the Reorganized Debtor, or any party in interest, up to and including sixty (60) days following the entry of the Confirmation Order. With respect to disputed Claims or interests, the Disbursing Agent will hold in a separate interest bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim or interest, as listed either in the Debtor' Schedules or the filed Proof(s) of Claim.

### E. Notices under the Plan

All notices, requests or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the Proponent, addressed to:

Ira R. Deiches, Esquire
DEICHES & FERSCHMANN
A Professional Corporation
525 Route 73 N, Ste 104
Marlton, NJ 08053
Attorneys for Debtor and Debtor-in-Possession

## IV. EFFECT OF CONFIRMATION OF PLAN

### A. Discharge

The Plan provides that upon completion of the distributions required under the Plan, Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C. §1141. Any liability imposed by the Plan will not be discharged. If Confirmation of the Plan does not occur or if, after Confirmation occurs, Debtor elect to terminate the Plan, the Plan shall be deemed null and void. In such event, nothing contained in the Plan shall be deemed to constitute a waiver or release of any claims against Debtor or their estate or any other persons, or to prejudice in any manner the rights of Debtor or their estate or any person in any further proceeding involving Debtor or their estate. Upon Confirmation, the provisions of the Plan shall be binding upon Debtor, all creditors, and all Equity Interest Holders, regardless of whether such creditors or Equity Interest Holders are impaired or whether such parties accept the Plan.

### B. Revesting of Property in the Debtor

Except as provided in Section IV.D. hereinafter, and except as provided elsewhere in the Plan, the Confirmation revests all of the property of the estate in the Debtor.

### C. Modification of Plan

The Proponent of the Plan may modify the Plan at any time before Confirmation; however, the Court may require a new disclosure statement or revoting on the Plan if the Proponent modifies the Plan before Confirmation.

The Proponent may also seek to modify the Plan at any time after Confirmation so long as (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modification after notice and a hearing.

### D. Post-Confirmation Conversion/Dismissal

A Creditor or party in interest may bring a motion to convert or dismiss the case under 11 U.S.C. §1112(b), after the Plan is confirmed, if there is a default in performance under the Plan. If

the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will vest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

E. **Post-Confirmation Quarterly Fees**

Quarterly fees pursuant to 28 U.S.C. §1930(a)(6) continue to be payable to the Office of the United States Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

*S/ Rose A. Tamburri*

Dated: September 5, 2026 ___________________________________

ROSE A. TAMBURRI