UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Ira R. Deiches, Esquire (NJ ID #013941976)
**DEICHES & FERSCHMANN**
525 Route 73 N, Ste 104
Marlton, NJ 08053
(856) 428-9696
ideiches@deicheslaw.com
Attorneys for Debtor and Debtor-in-Possession

IN RE:

ROSE ANN TAMBURRI,

Debtor and Debtor-in-Possession.

.

Case No. 25-21049

Judge: Hon. Jerrold N. Poslusny, Jr.

Chapter 11

Hearing Date: November 5, 2026
10:00 a.m.

**CERTIFICATION OF ROSE TAMBURRI
IN SUPPORT OF THE CONFIRMATION OF
DEBTOR'S FIRST MODIFIED PLAN OF REORGANIZATION**

TO: THE HONORABLE JERROLD N. POSLUSNY, Jr., U. S. Bankruptcy Judge:

ROSE TAMBURRI, of full age, hereby certifies that:

1. I am making this Certification on my behalf as Debtor ("Debtor" or "Proponent"), in support of the confirmation of my First Modified Plan of Reorganization (the "Plan"), filed September 6, 2026.

2. I am familiar with the contents of the Plan and assisted in its formulation.

3. The Plan designates classes of claims and interests as follows:

Class 1: Wells Fargo Bank, N.A., ("Wells Fargo") the holder of the first mortgage on my home (the "Residence");

Class 2: PNC Bank, National Association,("PNC") the holder of the second mortgage on the Residence;

Class 3: United States of America, ("IRS") the holder of, among other claims, a claim secured by the Residence and other assets;

Class 4: The New Jersey Division of Taxation, (the "Division") the holder of, among other claims, a claim secured by the Residence and other assets;

General unsecured creditors and;

:

Class 5: Fulton Bank, NA, the holder of a claim secured by the Residence;

Class 6: General Unsecured Creditors; and

Class 7: Me, as Debtor

4. The Plan specifies classes of claims that are not impaired. Classes 1 and 2 are not impaired. The class of interests, Class 7, is not impaired.

5. The Plan specifies the treatment for the impaired classes, Classes 3,4, 5, and 6:

a. The secured claim of IRS, the Class 3 creditor, in the sum of $94,206 shall be paid in quarterly installments of $3,135.00 beginning with the quarter following the Effective Date with interest at the prevailing rate, with any balance owed to be fully paid on or before the 10th anniversary of the Petition Date;

b. The secured claim of the Division, the Class 4 creditor, in the sum of $27,096 shall be paid in quarterly installments of $1,074.24 beginning with the quarter the Effective Date with interest at the prevailing rate, with any balance owed to be fully paid on or before the 10th anniversary of the Petition Date;

c. The secured claim of Fulton Bank, the Class 5 creditor, in the sum of $12,000 shall be paid in full without interest in installments as will be supported by Debtor's income with any balance owed to be fully paid on or before the 10th anniversary of the Petition Date;

d. The members of Class 6, general unsecured creditors, will receive a pro rata distribution on account of their claims in a single installment on the date that is the last day of the quarter in which the priority claims of the IRS and the Division are fully paid.

6. The Plan provides the same treatment for each claim of each class.

7. The Plan provides adequate means for the Plan's implementation through my projected continuation of income from my employment and reduction of my expenses, to the extent necessary to provide for the execution of the Plan.

8. Nothing contained in the Plan is inconsistent with any agreements binding me.

9. The Plan contemplates that I will continue to maintain control over my assets and

affairs.

10. I believe that the foregoing demonstrates that the Plan satisfies the requirements of Section 1123 of the Bankruptcy Code, as those requirements have been explained to me.

11. As the Plan Proponent, I believe that the Plan was filed in good faith and in a good faith belief that it complies with all applicable provisions of 11 U.S.C. §1129(a)(1).

12. As Proponent, I have not violated any provision of the Bankruptcy Code in the negotiation and solicitation of acceptances of the Plan, as I did not solicit acceptances until a Disclosure Statement was approved by the Court in accordance with 11 U.S.C. §1129(a)(2).

13. I proposed the Plan in good faith and not by any means forbidden by law, in accordance with 11 U.S.C. §1129(a)(3).

14. Any administrative claims, other than those allowed by law, including professional fees, will only be paid after Court approval, in accordance with 11 U.S.C. §1129(a)(4). I have made no payment to any party rendering services to me in connection with this case other than as provided by the Bankruptcy Court.

15. My continued management of our assets and affairs is in the best interests of our creditors.

16. There are no governmental regulatory commissions with jurisdiction over any rates or charges of mine or my activities, and no governmental licensures or approvals that are required for the Plan to be effective and substantially consummated.

17. With respect to the impaired classes of claims under the Plan, each impaired class has accepted the treatment proposed by the Plan, as evidenced by the Certification of Plan Balloting filed on my behalf with the Bankruptcy Court, in accordance with 11 U.S.C. §1129(a)(7) or otherwise indicated acceptance of the Plan and since no rejections or Objections have been received, I am asking that all Classes be deemed to have accepted the Plan..

18. I am satisfied that each holder of a claim in each impaired class will receive value not less than the value each would receive if I were liquidated under Chapter 7 of the Bankruptcy Code.

19. I have reviewed the liquidation analysis contained in the Disclosure Statement accompanying the Plan and am satisfied the liquidation analysis in that Disclosure Statement reflects favorably my expectations of such a liquidation.

20. Each class of claims or interests has accepted the Plan:

a. Class 1, Wells Fargo, my mortgagee, is unimpaired and may be deemed to have accepted the Plan;

b. Class 2, PNC, my mortgagee, is unimpaired and may be deemed to have accepted the Plan;

c. Class 3, IRS, is impaired but filed no Objection to the Plan and may be deemed to have accepted the Plan;

d. Class 4, the Division, is impaired but filed no Objection to the Plan and may be deemed to have accepted the Plan;

e. Class 5, Fulton Bank, is impaired but filed no Objection to the Plan and may be deemed to have accepted the Plan and agreed by Stipulation to the treatment afforded by the Plan;

f. Class 6, my general unsecured creditors, is impaired but no member filed an Objection and may be deemed to have accepted the Plan. The largest unsecured creditor and Fulton Bank with respect to its unsecured claim agreed by Stipulation to the treatment afforded by the Plan;

g. Class 7, Debtor, is unimpaired and, as Plan Proponent, Class 7 is deemed to have accepted the Plan and no votes were solicited.

21. The Plan provides for payment in full of all allowed priority claims, in accordance with 11 U.S.C. §1129(a)(9).

22. As noted, the Plan has been accepted by an impaired class.

23. Each class of claims or interests has accepted the Plan or is not impaired under the Plan, in accordance with 11 U.S.C. §1129(a)(8) or may be deemed to have accepted the Plan..

24. At least one (1) class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider, in accordance with 11 U.S.C. §1129(a)(10).

25. I believe that the Plan is feasible and can be sustained and consummated through my projected future income source and funds already on hand, so that confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization, in accordance with 11 U.S.C. §1129(a)(11).

26. All fees payable to the United States Trustee have been paid, in accordance with 11 U.S.C. §1129(a)(12).

27. No holder of an allowed unsecured claim has objected to confirmation of the Plan so as to implicate the provisions of 11 U.S.C. §1129(a)(15).

28. I therefore request confirmation of the Plan under 11 U.S.C. §1129(a).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 23, 2026

Rose A Tamburri
ROSE A. TAMBURRI